

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable F. B. Caudle
County Attorney
Franklin County
Mt. Vernon, Texas

Dear Sir:

Opinion No. 0-2078
Re: If a court reporter is absent
during a term of the district
court and a substitute steno-
grapher is used under the di-
rection of the court, is a
county liable to the court re-
porter for his official fees
and at the same time liable
for fees to the substitute re-
porter?

Your recent request for an opinion of this Depart-
ment on the above stated question has been received.

Your letter reads in part as follows:

"If a Court Reporter is absent during a term
of the District Court - absent from illness or any
cause - and a substitute stenographer is used under
direction of the Court, is a County liable to the
Court Reporter for his official fees, and at the
same time liable for fees to the substitute Reporter?

"By way of explanation for the above question,
I give further information. The judicial District is
composed of more than one County. You understand that
the fee is divided for monthly payments in pro rata
for each county. The official Court Reporter has
been unable to attend the last term of the District

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable F. B. Caudle, Page 2

Court, and a substitute Reporter used. Both
file claims for the time. The County objects
to paying both claims."

Article 2323, Vernon's Annotated Civil Statutes,
reads as follows:

"In case of illness, press of official work,
or unavoidable disability of the official short-
hand reporter to perform his duties in reporting
proceedings in court, the Judge of the court may,
in his discretion, authorize a deputy shorthand
reporter to act during the absence of said official
shorthand reporter and said deputy shorthand report-
er shall receive, during the time he acts for said
official shorthand reporter, the salary and fees
as the official shorthand reporter of said court,
to be paid in the manner provided for the official
shorthand reporter; but the said official shorthand
reporter shall also receive his salary in full dur-
ing said temporary disability to act. The necessity
for a deputy official shorthand reporter shall be
left entirely within the discretion of the Judge of
the court."

Under the above quoted statute, the necessity for
a deputy official shorthand reporter is left entirely within
the discretion of the Judge of the court. When a deputy court
reporter is appointed by the court said deputy reporter shall
receive during the time he acts for said official shorthand
reporter the same salary and fees as the official shorthand
reporter of the court to be paid in the manner provided for
the official shorthand reporter. Also the official shorthand
reporter shall receive his salary in full during his temporary
disability to act.

Therefore, you are respectfully advised that it is
the opinion of this Department that your question should be
answered in the affirmative and is so answered. The salary
of the deputy shorthand reporter must be paid in the manner
provided for the official shorthand reporter. Both the offi-
cial shorthand reporter and the deputy shorthand reporter are
entitled to the compensation provided by law.

Honorable F. B. Caudle, Page 3

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:BBB

APPROVED MAR 23, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
*BY*